### IN THE UNITED STATES DISTRICT COURT
### OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT,**<br>1612 K St. NW, Suite #1100<br>Washington, DC 20006<br><br>**Plaintiff,**<br><br>v.<br><br>**U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,**<br>500 12th Street SW<br>Washington, D.C. 20530<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>500 12th St., SW<br>Washington, D.C. 20536,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

NOW COMES Plaintiffs, GOVERNMENT ACCOUNTABILITY PROJECT, by its undersigned attorneys, LOEVY & LOEVY, and bring this suit to overturn Defendants U.S. DEPARTMENT OF HOMELAND SECURITY's (DHS) and U.S. IMMIGRATIONS AND CUSTOMS ENFORCEMENT's (ICE) refusal to produce records related to detainee data and policies.

### INTRODUCTION

1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

## PARTIES

2. Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing.

3. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. IMMIGRATION & CUSTOMS ENFORCEMENT is a federal agency and component of DHS and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because this District is always a permissible venue for federal FOIA suits.

## JULY 28 FOIA REQUEST

7. On July 28, 2017, GAP requested documents related to Mexico, or any other country, rejecting immigrants being deported since 1/1/15. A true and correct copy of the request is attached as Exhibit A.

8. On September 8, 2017, ICE responded acknowledging it had received the July 28 request and assigning it case number 2017-ICFO-45396. ICE denied the request, claiming it was too broad in scope, did not specifically identify the records which were being sought or only posed questions. A true and correct copy of this correspondence is attached as Exhibit B.

9. On September 13, 2017, GAP appealed ICE's denial of 2017-ICFO 45396. A true and correct copy of the appeal is attached as Exhibit C.

10. On September 25, 2018, ICE acknowledged GAP's appeal, labelling it case number 2017-ICAP-00576. A true and correct copy of this letter is attached as Exhibit D.

11. On October 5, 2017, a lawyer from ICE contacted GAP and set up a time to discuss the request. On October 6, they spoke about narrowing the request. A true and correct copy of this correspondence is attached as Exhibit E.

12. On October 9, GAP sent ICE a narrowed request per the conversation, requesting guidelines dictating deportation procedures while removing mentally or physically impaired detainees to Mexico, Guatemala, Honduras, or El Salvador, limited to the three EROs in California and their field offices. GAP also requested documents, including agreements and MOUs, that show protocols, guidelines and policies dictating how to work with Mexico, Guatemala, Honduras, and El Salvador regarding deportations and data showing unsuccessful deportation attempts since 1/20/17, including the date, the facility that the detainee was booked out of and the facility they were booked back into. A true and correct copy of this request is attached as Exhibit F.

13. On April 20, 2018, ICE denied GAP's request stating that it had conducted a search of ICE Enforcements and Removal Operations and no records had been found. A true and correct copy of ICE's letter is attached as Exhibit G.

14. The U.S. Government has bilateral agreements with Mexico concerning deportations.

15. Upon information and belief ICE has policies based on these agreements.

16. As of the date of filing, GAP has received no further records and no further communication from ICE regarding the requests.

**JULY 29, 2017 AND JANUARY 5, 2018 FOIA REQUESTS**

17. On July 29, 2017, GAP submitted 24 requests (one for each field office), asking for all records in the ICE ENFORCE Alien Removal Module (EARM) system showing a detainee, originally located in a facility administered by the ERO field offices, or any of its sub offices, transferred to any other type of U.S. detention facility, outside of ICE's control, including, but not limited to, jails, prisons, or other agencies, identifying the facility the detainee was transferred to and the date. The requests were submitted by field office. GAP also requested the I-216 and any charging documents or warrants, attached to the detainees. GAP requested ICE search records from July 28, 2016 until July 29, 2017. A true and correct copy of an example of one of these requests are attached as Exhibit H.

18. On August 7, 2017, ICE responded acknowledging it had received the July 29 requests and consolidated them into one request, assigning it case number 2017-ICFO-40400. ICE denied the request, claiming it was too broad in scope, did not specifically identify the records which were being sought or only posed questions. A true and correct copy of this correspondence is attached as Exhibit I.

19. On August 8, 2017, GAP appealed ICE's denial of 2017-ICFO 40400. A true and correct copy of the appeal is attached as Exhibit J.

20. On September 5, 2017, a lawyer employed by ICE called GAP to discuss the appeal. GAP agreed to a compromise, where ICE would produce an excel spreadsheet including data headers such Alien Number, Subject ID, Name, Book-in Area of Responsibility, Detention Facility, Book-in Date, Book-out Date, and Reason for Release. Some of the information, such as names, would be redacted. In a September 6 email, the lawyer restated the agreement. A true and correct copy of this correspondence is attached as Exhibit K

21. On September 6, 2017, GAP responded, stating that often when detainees are transferred to other facilities, in the released data, under "reason for release," ICE lists this as "U.S. Marshals or other, see detention log," without specifying the specific location the detainee ended up. GAP requested the data containing the name of the new agency. A true and correct copy of this correspondence is attached as Exhibit K.

22. On September 6, 2017, the lawyer responded to GAP, "As we discussed, the data header 'Reason for Release' is not limited to releases to the U.S. Marshals." A true and correct copy of this correspondence is attached as Exhibit K.

23. On September 6, 2017, ICE sent a letter to GAP, granting the appeal, which was labelled case number 2017-ICAP-00503, and remanded it to the ICE FOIA office for processing. A true and correct copy of this letter is attached as Exhibit L.

24. On December 11, 2017, GAP received an excel spreadsheet containing ICE data. But every data point where the detainee was transferred to custody of a U.S. government agency outside ICE control, under reasons to release, it was listed as "U.S. Marshals or other agency (explain in Detention Comments)." A true and correct copy of a screenshot from the excel spreadsheet, showing an example of this, is attached as Exhibit M.

25. On December 11, 2017, GAP emailed the ICE lawyer and pointed out that the spreadsheet was missing the data requested. A true and correct copy of this correspondence is attached as Exhibit N.

26. On December 13, 2017, the lawyer responded, stating that GAP could appeal again or file a new request. A true and correct copy of this correspondence is attached as Exhibit N.

27. On January 5, 2018, GAP filed a FOIA request for the copies of detention log comments for 8983 detainees booked out of ICE custody and into the custody of another U.S.

law enforcement agency, between January 1, 2017 and August 28, 2017, based on data provided in the excel spreadsheet. These detainees had been labelled as booking out of ICE control into the custody of "U.S. Marshals or other agency (explain in Detention Comments)." A true and correct copy of this request is attached as Exhibit O.

28. On February 6, 2018, GAP filed an appeal for constructive denial of FOIAs 2017-ICFO-40400 (2017-ICAP-00503) and the January 5, 2018 FOIA. A true and correct copy of this appeal is attached as Exhibit P.

29. On February 15, 2018, ICE acknowledged GAP's January 5 request, labelling it with case number 2018-ICFO-20003 and requested a 10-day extension. A true and correct copy of this acknowledgement is attached as Exhibit Q.

30. On February 15, 2018, ICE acknowledged GAP's appeal for constructive denial of his January 5 request, now 2018-ICFO-20003. ICE labelled the appeal with case number 2018-ICAP-00153. A true and correct copy of this acknowledgement is attached as Exhibit R.

31. On March 2, 2018, ICE responded to GAP's January 5 request, denying it and stating there were no detention log records, despite the fact that ICE specifically referenced the detention log comments in the excel spreadsheet provided to GAP on December 11, 2017. A true and correct copy of this acknowledgement is attached as Exhibit S.

32. On March 3, 2018, GAP emailed another lawyer at ICE to ask about the recent denial of his FOIA, and whether he needed to send a new appeal, or if the previous one was still valid.

33. On March 5, 2018, the lawyer responded, saying that "Custody Management doesn't track that info in a reportable manner." A true and correct copy of this correspondence is attached as Exhibit T.

34. ICE possesses the requested documents in its EARM system. The detention log, which is cited in the data obtained in the July 29 request as housing the relevant information, is part of the EARM system.

35. According to ICE policy 11022.1: Detainee Transfers, which ICE specified as the policy governing detainee transfers to other American agencies outside ICE custody in a December 2017 response to a different GAP FOIA, ICE is required to record detainee transfers in the EARM. According to Section 5.3. Notifications in the Event of a Detainee Transfer, part 3) Detainee Notification, b), ICE agents are required to record notifying detainees about impending transfers in ENFORCE. A true and correct copy of policy 11022.1 is attached as Exhibit U.

36. The ICE Detainee Transfer Notification form indicates ICE agents must record the name of the new facility when notifying detainees about an impending transfer. A true and correct copy of the ICE Detainee Transfer Notification is attached as Exhibit V.

37. In section 5.15. Post Transfer Activities, part 2) ENFORCE, of ICE policy 11022.1, it says "the sending field office will ensure that appropriate screens in ENFORCE are complete, updated, and accurate."

38. As of the date of filing, GAP has received no further records and no further communication from ICE regarding the requests.

## JANUARY 5, 2018 FOIA REQUEST

39. On January 5, 2018, GAP filed a FOIA request for documents about two apparent deaths in ICE custody that have never been previously reported publicly. GAP requested all documents, including emails, sent by staff ranking GS-15 and above, about a death at FOLKSTON PROCESSING CENTER/DR JAMES in ICE's Miami Area of Responsibility that took place on 5/4/17 for a detainee who was booked into the facility on 2/6/17. GAP also

requested all documents, including emails sent by staff ranking GS-15 or up, about a death at DALLAS F.O. HOLD in the Dallas Area of Responsibility that took place on 7/11/17, the same day the detainee was booked in. A true and correct copy of the request is attached as Exhibit W.

40. The excel spreadsheet produced in response to GAP's July 29 request contains entries for these two deaths. A true and correct screenshot of the excel spreadsheet's information on "book outs" by death is attached as Exhibit X.

41. On February 6, 2018, GAP filed an appeal for constructive denial of the January 5, 2018 FOIA. A true and correct copy of this appeal is attached as Exhibit Y.

42. On February 15, 2018, ICE acknowledged GAP's January 5 request, labelling it with case number 2018-ICFO-20005 and requested a 10-day extension. A true and correct copy of this acknowledgement is attached as Exhibit Z.

43. On February 15, 2018, ICE acknowledged GAP's appeal for constructive denial of his January 5 request, labeling the appeal with case number 2018-ICAP-00154. They remanded the request to the FOIA office for processing and re-tasking. A true and correct copy of this letter is attached as Exhibit AA.

44. On April 20, 2018, ICE denied GAP's request saying they had conducted a search of ICE Enforcements and Removal Operations and no records had been found. A true and correct copy of ICE's letter is attached as Exhibit AB.

45. As of the date of filing, GAP has received no further records and no further communication from ICE regarding this request.

## FEBRUARY 16, 2018 FOIA REQUEST

46. On February 16, 2018, GAP filed a FOIA request for documents, receipts and contracts with private hotels and other facilities where detainees have been held. A true and correct copy of the request is attached as Exhibit AC.

47.	On March 1, 2018, ICE acknowledged GAP's February 16 request, labelling it with case number 2018-ICFO-22105 and requested a 10-day extension. A true and correct copy of this acknowledgement is attached as Exhibit AD.

48.	As of the date of filing, GAP has received no records and no further communication from ICE regarding this request.

### COUNT I – JULY 28 VIOLATION OF FOIA

49.	The above paragraphs are incorporated herein.

50.	Defendants are agencies subject to FOIA.

51.	The requested records are not exempt under FOIA.

52.	Defendants have refused to produce the requested records in a timely manner.

### COUNT II – JULY 29 AND JANUARY 5 VIOLATIONS OF FOIA

53.	The above paragraphs are incorporated herein.

54.	Defendants are agencies subject to FOIA.

55.	The requested records are not exempt under FOIA.

56.	Defendants have refused to produce the requested records in a timely manner.

### COUNT III – JANUARY 5 VIOLATION OF FOIA

57.	The above paragraphs are incorporated herein.

58.	Defendants are agencies subject to FOIA.

59.	The requested records are not exempt under FOIA.

60.	Defendants have refused to produce the requested records in a timely manner.

### COUNT IV – FEBRUARY 16 VIOLATION OF FOIA

61.	The above paragraphs are incorporated herein.

62.	Defendants are agencies subject to FOIA.

63.	The requested records are not exempt under FOIA.

64. Defendants have refused to produce the requested records in a timely manner.

**WHEREFORE**, GAP asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs;

v. award such other relief the Court considers appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorneys for Plaintiffs
GOVERNMENT ACCOUNTABILITY PROJECT

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com
joshb@loevy.com